## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RUSSELL J. SKELTON, JR.**                    **CIVIL ACTION**

**VERSUS**                                     **NO. 24-254-BAJ-SDJ**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY, et al.**

---

## ORDER

Before the Court is a Reurged Motion to Compel Plain Construction, LLC, and Akiesha K. Benton's Answers to Subpoena *Duces Tecum* (R. Doc. 23) filed by Defendants Liberty Personal Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Mutual Insurance Company on October 10, 2024. In their Motion, Defendants seek an order compelling third parties Plain Construction, LLC, and Akiesha Benton to respond to subpoenas duces tecum issued in April 2024.[1] No response to this Motion has been filed, and the deadline for doing so has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers Defendants' Motion unopposed.

## I.    BACKGROUND

This suit, which arises from damage to property in Denham Springs, Louisiana, caused by Hurricane Ida, originally was filed in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, on August 29, 2023.[2] Defendants subsequently removed the matter to this

---

[1] R. Doc. 23 at 1.
[2] R. Doc. 1-1 at 4-18.

Plain Construction, LLC by regular and by certified mail return receipt requested no. 7018 0360 0001 1615 6926
Akiesha K. Benton by regular and by certified mail return receipt requested no. 7018 0360 0001 1615 6919

Court on March 28, 2024.[3]  Additional pertinent background information provided by Defendants

in their Motion is as follows:[4]

> Prior to Hurricane Ida, plaintiff opened a claim for roof damage on December 2, 2020, and in connection with that claim, submitted an invoice for a roof replacement from Plain Construction, LLC, on April 19, 2021.  Based on that invoice Liberty accepted the full roof replacement for Plain Construction's invoiced amount and the claim was closed.  On August 23, 2023 … plaintiff opened a claim for property damage associated with the storm, which is supported by a public adjuster's estimate prepared by Integrity Claims Consultants, LLC ("ICC").  Plaintiff's ICC estimate includes another full roof replacement for the property.  In plaintiff's state court "CMO" Initial Disclosures, plaintiff states that he "was the owner of the property at the time of Hurricane Ida" but "sold the property around November or December 2023."  According to the Livingston Parish Assessor, Akiesha K. Benton purchased the property from plaintiff on January 13, 2023.

On May 9, 2024, Defendants served a subpoena for production of documents on Plain

Construction.[5]  After not receiving a timely response, defense counsel attempted to contact

Kentrell Plain of Plain Construction, who is the brother of Plaintiff's counsel, on multiple

occasions.[6]  Defense counsel eventually spoke with Kentrell Plain on September 26, 2024, during

which conversation Kentrell Plain "would not provide a timeline for production of documents"

and to date still has not responded to Defendants' subpoena duces tecum.[7]

On April 30, 2024, Defendants also served a subpoena for production of documents on

Akiesha Benton.[8]  No responses were timely received.[9]  Defense counsel has attempted to reach

her both by phone and email based on information obtained through a public records search, but

has been unsuccessful.[10]

---

[3] R. Doc. 1.
[4] R. Doc. 23-1 at 1-2.
[5] R. Doc. 23-3.
[6] R. Doc. 23-1 at 2.
[7] *Id.*
[8] R. Doc. 23-5.
[9] R. Doc. 23-1 at 3.
[10] *Id.*; R. Doc. 23 at 2.

Defendants filed their initial Motion to Compel Answers to Subpoena *Duces Tecum* on June 13, 2024.[11]  The Court denied this Motion without prejudice for failure to comply with the certification requirements of Rule 37.[12]  At a status conference held on October 2, 2024, defense counsel explained their struggles in contacting Plain Construction and Akiesha Benton and stated that they likely would re-file their Motion to Compel.  The instant Motion followed on October 10, 2024, a copy of which was sent to both Plain Construction and Akiesha Benton via certified mail and email.[13]

## II.    LAW AND ANALYSIS

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

---

[11] R. Doc. 13.
[12] R. Doc. 21.
[13] R. Doc. 23-1 at 6.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The moving party has the burden of demonstrating that compliance with the subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

This case has been plagued from the beginning by Plaintiff's failure to participate in this litigation. And defense counsel's frustration is both palpable and understandable, strengthened by the fact that these discovery requests also are going unanswered. The discovery requested is relevant and is not overly burdensome on either Plain Construction or Akiesha Benton. Moreover, in not objecting to the subpoenas duces tecum, they have waived any such objections. As such, the Court will grant Defendants' Motion and will compel production of the requested documents within 21 days of the date of this Order.

While Rule 37 provides for the assessment of costs and fees when a discovery motion is granted, it also includes an exception if "other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A)(iii).   The Court finds such circumstances here, as neither Plain

Construction nor Akiesha Benton are parties to this litigation.   Moreover, at this point, neither one

has disregarded an Order of this Court.   However, the Court wants to make it exceedingly clear

that failure to fully comply with this Order **WILL** result in monetary sanctions against Plain

Construction and Akiesha Benton.

**III.    CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Reurged Motion to Compel Plain Construction, LLC,

and Akiesha K. Benton's Answers to Subpoena *Duces Tecum* (R. Doc. 23) is **GRANTED IN**

**PART**.   Both Plain Construction, LLC, and Akiesha Benton are **ORDERED** to **FULLY**

**RESPOND** to the subpoenas duces tecum served on them by Defendants **within 21 days of the**

**date of this Order**.   Failure to timely respond and/or failure to provide complete responses **WILL**

result in monetary sanctions being awarded.   Defendants' request for sanctions is **DENIED**.   The

Clerk's Office is instructed to send a copy of this Order, both by regular mail and certified mail,

return receipt requested to Plain Construction, LLC, 22761 Plank Road, Zachary, LA 70791 and

Akiesha K. Benton, 23850 Rosemond Dr., Denham Springs, LA 70726.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is to provide a copy of this Order

to both Kentrell Plain of Plain Construction, LLC, and Akiesha Benton.[14]

Signed in Baton Rouge, Louisiana, on April 16, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Plaintiff's counsel, Kendall Plain, is the brother of Kentrell Plain and was the realtor for Plaintiff's sale of the property in question to Akiesha Benton.  *See* R. Doc. 25 at 1.